IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. PD-0303-10






GERARDO LUJAN, Appellant



v.



THE STATE OF TEXAS





ON STATE'S PETITION FOR DISCRETIONARY REVIEW


FROM THE EIGHTH COURT OF APPEALS


EL PASO COUNTY





 Meyers, J., filed a dissenting opinion.


DISSENTING OPINION


 

 As the majority states, the legality of the checkpoint in this case depends upon
whether its primary purpose was general crime control or to check drivers' licenses and
insurance. The Supreme Court of the United States has "never approved a checkpoint
program whose primary purpose was to detect evidence of ordinary criminal
wrongdoing." City of Indianapolis v. Edmond, 531 U.S. 32, 41 (2000). 

 The checkpoint in this case included a K-9 unit. So, if the primary purpose of this
checkpoint program was, as the majority concludes, to check drivers' licenses and
insurance, then the deputies did not need drug-sniffing dogs. This was akin to bringing a
gun to a knife fight, and from then on, it was officially a gun fight. Based upon the facts
of this case, I disagree with the majority and would conclude that the primary purpose of
the checkpoint was to "uncover evidence of ordinary criminal wrongdoing," in
contravention of the Fourth Amendment. (1) Id. at 42. 

 I also note that the majority is correct to acknowledge that police officers may act
upon information properly learned at "a checkpoint stop justified by a lawful primary
purpose, even where such action may result in the arrest of a motorist for an offense
unrelated to that purpose." Id. at 48. However, what is missing here, in my opinion, is a
lawful primary purpose. Drug-sniffing dogs have no place at a checkpoint designed for
license and insurance verification. Because I would affirm the court of appeals, I
respectfully dissent. 

 

 Meyers, J.

Filed: January 12, 2011

Publish 
1. In reaching its conclusion, the majority places too great an emphasis on the trial court's
evaluation of the deputies' credibility.